IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Cassidy, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 8097 |
| Zwicker & Associates, P.C., a Massachusetts professional corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Brian Cassidy, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

## PARTIES

3. Plaintiff, Brian Cassidy ("Cassidy"), is a citizen of the State of Florida from whom Defendant continued to attempt to collect a delinquent consumer debt, despite the fact that he had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4. Defendant, Zwicker & Associates, P.C. ("Zwicker"), is a Massachusetts corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debt. In fact, Zwicker was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. From Defendant Zwicker's offices in Illinois, Georgia, Texas, New York, Maryland, and Massachusetts, Defendant operates a nationwide debt collection business and attempts to collect delinquent debts from consumers throughout the country, including consumers in the State of Illinois. Defendant Zwicker's Illinois office is located in Lincolnwood, Illinois, from which it regularly conducts business in Illinois. See, printouts from Zwicker's web site, which are attached as Group Exhibit A.

6. In fact, Defendant Zwicker is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, a copy of which is attached as Exhibit B.

## FACTUAL ALLEGATIONS

7. Mr. Cassidy is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills. When Defendant Zwicker began trying to collect a delinquent debt from Mr. Cassidy, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Zwicker's collection actions.

8. On October 11, 2010, one of Mr. Cassidy's attorneys at LASPD informed Defendant Zwicker, in writing, that Mr. Cassidy was represented by counsel, and directed Zwicker to cease contacting him, and to cease all further collection activities

because Mr. Cassidy was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Zwicker continued to call Mr. Cassidy to demand payment of the debt, including but not limited to a call on or around November 23, 2010, from telephone number 800-370-2251.

10. Accordingly, via a letter dated November 29, 2010, one of Mr. Cassidy's LASPD attorneys wrote Defendant Zwicker, to again demand that Zwicker cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. All of Defendant Zwicker's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Zwicker's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Cassidy's agent, LASPD, told Defendant Zwicker to cease communications and cease collections (Exhibit C). By continuing to

communicate regarding this debt and demanding payment, Defendant Zwicker violated § 1692c(c) of the FDCPA.

16. Defendant Zwicker's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Zwicker knew that Mr. Cassidy was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant Zwicker to cease directly communicating with Mr. Cassidy. By directly calling Mr. Cassidy, despite being advised that he was represented by counsel, Defendant Zwicker violated § 1692c(a)(2) of the FDCPA.

20. Defendant Zwicker's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Brian Cassidy, prays that this Court:

1. Find that Defendant Zwicker's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Cassidy, and against Defendant Zwicker, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Brian Cassidy, demands trial by jury.

                                       Brian Cassidy,

                                       By: /s/ David J. Philipps
                                       One of Plaintiff's Attorneys

Dated: December 21, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com